ROBINSON BROG LEINWAND GREENE
 GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
Fred B. Ringel
*Proposed Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **FMTB BH LLC,** | Case No: 18-42228-cec |
| Debtor. | |

-----------------------------------------------------------X

### DEBTOR'S APPLICATION FOR AUTHORIZATION TO RETAIN COUNSEL

TO THE HONORABLE CARLA E. CRAIG,
UNITED STATES BANKRUPTCY JUDGE:

The debtor and debtor in possession, **FMTB BH LLC** (the "Debtor"), seeks the entry of an order, annexed to this application as **Exhibit A**, pursuant to sections 327(a) and 1107 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor's retention and employment of **Robinson Brog Leinwand Greene Genovese & Gluck P.C.** ("Robinson Brog") effective as of April 23, 2018, to provide legal services in connection with this case. In support thereof, the Debtor states:

### JURISDICTION AND VENUE

1.  Jurisdiction over this application is vested in the United States District Court for this District pursuant to Sections 1334 of Title 28 of the United States Code (the "Judicial Code").

2. This application has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the *Standing Order of Reference Regarding Title 11* (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

3. This is a core proceeding arising under title 11 of the United States Code. *See* 28 U.S.C. §§157(b)(2). The statutory predicates for the relief sought herein are Sections 327 and 1107 of the Bankruptcy Code.

4. Venue of this motion in this district is proper pursuant to Section 1409 of the Judicial Code.

## BACKGROUND

5. The Debtor is a limited liability company currently under contract to purchase the five separate pieces real property located at (a) 1821 Topping Avenue, Bronx New York, which is owned by 1821 Topping Avenue LLC; (b) 1974 Morris Avenue, Bronx, New York, which is owned by 1974 Morris Avenue LLC; (c) 1988 Morris Avenue, Bronx, New York, which is owned by 1988 Morris Avenue LLC; (d) 770 Beck Street, Bronx, New York, which is owned by 700 Beck Street LLC; and (e) 1143 Forest Avenue, Bronx, New York, which is owned by 1143 Forest Avenue LLC ((a) – (e), together, the "Properties").

6. The Debtor's case is being commenced in order for it to exercise its rights under the Bankruptcy Code and seek performance from the sellers of the Properties to close on the sale of the Properties pursuant to each respective contract of sale.

7. On April 23, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy.

8. No committee, trustee or examiner has been appointed in the Debtor's case.

## RELIEF REQUESTED

9. The Debtor seeks authorization to retain Robinson Brog as its general counsel to represent it in this case and assist it in carrying out its duties as debtor in possession under Chapter 11 of the Bankruptcy Code effective as of the Petition Date.

### THE NEED FOR ROBINSON BROG

10. The Debtor needs a firm with specific expertise in Chapter 11 reorganizations to guide it through the intricacies of the Chapter 11 process. Robinson Brog has successfully shepherded numerous debtors through Chapter 11 reorganizations before this and other courts and the Debtor believes that Robinson Brog is well qualified to represent it in this case.

### SERVICES TO BE RENDERED DURING THE CASE

11. The professional services to be rendered by Robinson Brog in this case shall include, but shall not be limited to:

   (a) providing advice to the Debtor with respect to its powers and duties under the Bankruptcy Code in the continued operation of its business and the management of its property;

   (b) negotiating with creditors of the Debtor, preparing a plan of reorganization and taking the necessary legal steps to consummate a plan, including, if necessary, negotiations with respect to financing a plan;

   (c) appearing before the various taxing authorities to work out a plan to pay taxes owing in installments;

   (d) preparing on the Debtor's behalf necessary applications, motions, answers, replies, discovery requests, forms of orders, reports and other pleadings and legal documents;

   (e) appearing before this Court to protect the interests of the Debtor and its estate, and representing the Debtor in all matters pending before this Court;

   (f) performing all other legal services for the Debtor that may be necessary herein; and

(g) assisting the Debtor in connection with all aspects of this chapter 11 case.

## FEES

12. In return for providing the above-referenced services, Robinson Brog will receive its customary fees, subject to the submission of appropriate applications and the approval of this Court.

## DISINTERESTEDNESS

13. The Debtor believes that Robinson Brog is a "disinterested person" as that term is defined by the Bankruptcy Code. Robinson Brog represents no interest materially adverse to the Debtor, its estate, its creditors, or its equity holders. Robinson Brog is not owed any money relating to its prior representation of the Debtor. To the best of the Debtor's knowledge, information and belief, Robinson Brog has no connection with the Debtor (except for as stated herein), its creditors, any other party in interest, its respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, and will not, at any time, represent any other entity in connection with this case.

## BASIS FOR THE REQUESTED RETENTION

14. Section 327(a) of the Bankruptcy Code provides that a debtor, with the Court's approval, may employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are disinterested persons to represent or assist the debtor in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a). Robinson Brog fits such criterion.

## CONCLUSION

15. The Debtor submits that for the reasons set forth above, the retention of Robinson Brog is essential to its successful reorganization. Accordingly, the Debtor submits that it is in the best interest of the Debtor, its estate and its creditors, for the Debtor to be authorized to retain Robinson Brog.

16. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order effective as of April 23, 2018 approving the retention of Robinson Brog on the terms and conditions set forth herein and in the annexed affidavits and declarations and granting such other and further relief as is just and proper.

**DATED:** New York, New York
May 22, 2018

**FMTB BH LLC**

**By: /s/ Martin Ehrenfeld**
**Martin Ehrenfeld,**
**Managing Member**

**Martin Ehrenfeld,** affirms as follows:

That he has read the foregoing Application and that the same is true.

        **FMTB BH LLC**

        **By:   /s/ Martin Ehrenfeld**
        **Martin Ehrenfeld,**
        **Managing Member**

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

In re:                                                                                          Chapter 11

**FMTB BH LLC,**                                                            Case No: 18-42228-cec

                        Debtor.
------------------------------------------------------------X

## ORDER FOR RETENTION OF ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C. AS ATTORNEYS FOR DEBTOR EFFECTIVE AS OF APRIL 23, 2018

**UPON** the Application of the above-named Debtor seeking authority to employ and appoint **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**, ("Robinson Brog") under a general retainer as counsel to the Debtor herein; and upon the **Declaration** of **Fred B. Ringel**; and it appearing that **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.** represents no interest adverse to the Debtor or to its Estate in the matters upon which it is to be engaged, and that its employment is necessary and would be in the best interests of the estate; it is

**ORDERED**, that the Application is granted *to the extent provided herein*; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that the Debtor be and it hereby is authorized to employ and appoint, **Robinson Brog,** effective as of April 23, 2018, as attorneys to represent it as a Debtor under a general retainer in the within proceeding pursuant to Sections 327 and 1107 of the Bankruptcy Code and shall perform the following services:

(a) providing advice to the Debtor with respect to its powers and duties under the Bankruptcy Code in the continued operation of its business and the management of its properties;

(b) negotiating with creditors of the Debtor, preparing a plan of liquidation or reorganization and taking the necessary legal steps to consummate a plan, including, if necessary, negotiations with respect to financing a plan;

(c) appearing before the various taxing authorities to work out a plan to pay taxes owing in installments;

(d) preparing on the Debtor's behalf necessary applications, motions, answers, replies, discovery requests, forms of orders, reports and other pleadings and legal documents;

(e) appearing before this Court to protect the interests of the Debtor and its estate, and representing the Debtor in all matters pending before this Court;

(f) performing all other legal services for the Debtor that may be necessary herein; and

(g) assisting the Debtor in connection with all aspects of this Chapter 11 case.

and it is further

**ORDERED**, that prior to any increases in Robinson Brog's rates for any individual employed or retained by Robinson Brog and providing services in this case, Robinson Brog shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and

the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that, notwithstanding anything to the contrary in the Application, Robinson Brog shall not withdraw as Debtor's counsel prior to the effective date of any chapter 11 plan confirmed in this Chapter 11 case without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e); and it is further

**ORDERED**, that Robinson Brog shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, and the United States Trustee Fee Guidelines (collectively, the "Fee Guidelines");

**DATED:** Brooklyn, New York
_____, 2018

No Objection:

Office of the United States Trustee

By:_____