ROBINSON BROG LEINWAND GREENE
 GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
Fred B. Ringel
Clement Yee
*Proposed Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re:                                              Chapter 11

**FMTB BH LLC,**                          Case No: 18-42228-cec

                      Debtor.
-----------------------------------------------------------X

## DECLARATION IN SUPPORT OF DEBTOR'S
## APPLICATION FOR AUTHORIZATION TO RETAIN COUNSEL

**Fred B. Ringel**, declares, under penalty of perjury:

    1.    I am a shareholder of **Robinson Brog Leinwand Greene Genovese & Gluck P.C.** ("Robinson Brog"). Robinson Brog maintains offices and a principal place of business at **875 Third Avenue, New York, New York 10022**. I have been duly admitted to practice in the United States District Court for the Eastern District of New York.

    2.    This declaration is submitted in support of the *Debtor's Application for Authorization to Retain Counsel* (the "Application"). Pursuant to the Application, **FMTB BH LLC** (the "Debtor"), seeks to retain Robinson Brog to provide legal services in connection with this case as more fully set forth below. I am the attorney at Robinson Brog who will bear primary responsibility for this case. It is anticipated that certain services will be performed by other partners and associates at Robinson Brog. The hourly rates charged by associates for legal services range from $250.00 to $465.00 per hour. The hourly rate for the

firm's paralegals range from $175.00 to $300.00 per hour. Shareholders of Robinson Brog charge hourly rates between from $400.00 and $700.00 for services to be rendered. Robinson Brog generally adjusts its rates annually after providing appropriate notice to its clients and the Court. I have read and I am familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of New York.

3. The Debtor seeks authorization to retain Robinson Brog as its general and corporate counsel to represent it in this case and assist it in carrying out its duties as a debtor in possession under Chapter 11 of the Bankruptcy Code. In that connection, the professional services to be rendered by Robinson Brog in this case shall include, but shall not be limited to:

(a) providing advice to the Debtor with respect to its powers and duties under the Bankruptcy Code in the continued operation of its business and the management of its properties;

(b) negotiating with creditors of the Debtor, preparing a plan of reorganization and taking the necessary legal steps to consummate a plan, including, if necessary, negotiations with respect to financing a plan;

(c) appearing before the various taxing authorities to work out a plan to pay taxes owing in installments;

(d) preparing on the Debtor's behalf necessary applications, motions, answers, replies, discovery requests, forms of orders, reports and other pleadings and legal documents;

(e) appearing before this Court to protect the interests of the Debtor and its estate, and representing the Debtor in all matters pending before this Court;

(f) performing all other legal services for the Debtor that may be necessary herein; and

(g) assisting the Debtor in connection with all aspects of this Chapter 11 case.

.

4. I believe that Robinson Brog is in the best position to render such services to the Debtor due to its extensive knowledge and experience with all aspects of practice in cases under Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). Robinson Brog has successfully shepherded numerous debtors through Chapter 11 reorganizations before this and other courts, and I believe that Robinson Brog is well qualified to represent the Debtor in this case. I believe Robinson Brog is competent to represent the interests of the Debtor herein in all proceedings now pending or which may reasonably be expected to be pending in this Court in the foreseeable future.

5. In connection with the filing of this chapter 11 case, Robinson Brog received a payment of $40,000 for fees and expenses incurred pre-petition in connection with the preparation of the bankruptcy filings and drafting an adversary proceeding which was commenced on the petition date In addition, Robinson Brog holds a retainer in the amount of $26,717, which will be applied towards postpetition fees and expenses upon approval of such fees and expenses by the Bankruptcy Court.

6. There are no sums due to Robinson Brog on account of pre-petition services rendered by the Firm. The Retainer held by the firm is not an evergreen retainer, and is refundable if not earned and if the firm's fees are not approved by the Court. Robinson Brog does not have a fee splitting arrangement with any party.

7. Neither I nor any other shareholder or associate of Robinson Brog has represented or now represents any entity in connection with this case other than the Debtor.

8. To the best of my information and belief, neither I nor Robinson Brog holds nor represents any interest adverse to the Debtor in the matters upon which we are to be engaged. I believe that Robinson Brog, its partners and associates, are "disinterested persons" as that term is

defined in Section 101(14) of the Bankruptcy Code.  To the best of my knowledge, information and belief, Robinson Brog has no connection with the Debtor (except for as stated herein), its creditors, any other party in interest, its respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and will not, at any time, represent any other entity in connection with this case.

9. Robinson Brog strictly adheres to a conflict checking procedure, which involves the attorney responsible for the engagement completing a Client/Matter Intake Report (the "<u>Intake Report</u>"). The Intake Report requires the responsible attorney to list, to the extent such information is available at that time, and again if additional information becomes available at a later date, all parties involved in a specific matter, whether such parties are the proposed client or any affiliate, any adverse parties and their counsel and any other interested party. The Intake Report also allows the attorney to list specific, additional conflict search terms to be checked against Robinson Brog's client database.  Robinson Brog's time and billing software has a special module for such conflict searches.  Before a new client number is generated, the accounting department processes the Intake Report through the conflicts module to determine if there are any conflicts with present or former clients of the firm. If a search results in a match for a potential conflict, the information is reviewed by the attorney and any relevant information is set forth for disclosure under Bankruptcy Rule 2014.

10. Separate from and in addition to the Intake Report and database search set forth in paragraph 9, personnel at Robinson Brog also prepare a list of new matters at the firm which contain the client and affiliate names, known adverse parties, all other relevant parties and a brief description of the substance of the engagement, along with the name of the attorney responsible for the matter. This list is circulated by email to all attorneys in the firm.  If any attorney

recognizes a conflict or potential conflict, that attorney is required to immediately notify the attorney responsible for the engagement who then determines if additional disclosures are required to supplement those generated by the original conflict search.  Accordingly, all new matters at the firm undergo both a mechanical search by the conflicts software module against the firm's client database and an additional search through review by every attorney at the firm through the circulation of the new matter list.

11. The processing of the Intake Report as described above and the firm wide dissemination of the new matter client list disclosed no matters requiring disclosure under Bankruptcy Rule 2014 or any other provision of the Bankruptcy Code.

12. The firm's policy requires the continued monitoring of the case for any additional information requiring supplemental disclosure. For example, if the Debtor was to amend its schedules and statement of financial affairs, those filings would be reviewed by attorneys at the firm and resubmitted through the procedures described above to uncover any additional conflicts. In the event any additional potential conflicts are discovered, Robinson Brog will further supplement this declaration to make the appropriate disclosures.

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

/s/ Fred B. Ringel
**Fred B. Ringel**