**ROBINSON BROG LEINWAND GREENE**
 **GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022
Fred B. Ringel
Clement Yee
*Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **FMTB BH LLC,** | Case No:  18-42228-cec |
| Debtor. | |

----------------------------------------------------------X

**APPLICATION OF THE DEBTOR PURSUANT
TO SECTION 327(e) OF THE BANKRUPTCY CODE
AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN STAHL &
ZELMANOVITZ AS SPECIAL LITIGATION COUNSEL TO THE DEBTOR**

TO THE HONORABLE CARLA E. CRAIG
CHIEF UNITED STATES BANKRUPTCY JUDGE:

FMTB BH LLC (the "Debtor"), by its counsel, Robinson Brog Leinwand Greene

Genovese & Gluck P.C. ("Robinson Brog"), submits this application (the "Application") for an

Order pursuant to section 327(e) of Chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") authorizing Debtor's retention of Stahl & Zelmanovitz ("Z&W") as its

special litigation counsel effective as of the November 15, 2018.  In support of the Application,

Debtor respectfully refers the Court to the Declaration of Joseph Zelmanovitz (the "Zelmanovitz

Declaration"), which is attached hereto and is being submitted concurrently with this

Application.  In further support of the Application, Debtor respectfully represents as follows:

### Summary of Requested Relief

1.     As set forth in more detail herein and  in the Zelmanovitz Declaration, this

Application seeks approval of Debtor's retention of Z&W as its special litigation counsel with

respect to the adversary proceeding *FMTB BH LLC v. 1988 Morris Avenue, LLC*, *et al.*, Adv.

Pro. 18-1052-cec (the "Litigation").

### Background

2.     The Debtor is a currently under contract to purchase the five separate pieces real

property located in the Bronx, New York at these addresses (a) 1821 Topping Avenue,  owned

by 1821 Topping Avenue LLC; (b) 1974 Morris Avenue, owned by 1974 Morris Avenue LLC;

(c) 1988 Morris Avenue, owned by 1988 Morris Avenue LLC; (d) 770 Beck Street, owned by

700 Beck Street LLC; and (e) 1143 Forest Avenue, owned by 1143 Forest Avenue LLC

(collectively, (a) through (e), the "Properties").  Each contract of sale is substantially identical,

except for the sale price.

3.     On April 23, 2018 (the "Petition Date"), the Debtor filed a petition for relief under

chapter 11 of the title 11 of the United States Code.  The Debtor's case was commenced in order

for the Debtor to exercise its rights under the Bankruptcy Code and seek specific performance

compelling the sellers  to convey the Properties  to the Debtor.

### Jurisdiction

4.     This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these proceedings is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The statutory bases for the relief sought herein are sections 327(e), 330 and 331 of

the Bankruptcy Code and Bankruptcy Rule 2014(a).

## Relief Requested

6.      By this Application, Debtor seeks authority to employ and retain Z&W as its special litigation counsel to handle the Litigation.  The Debtor respectfully requests the entry of an order, effective as of November 15, 2018, pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014 authorizing it to employ and retain Z&W as its special litigation counsel.

7.      Prior to the proposed retention of Z&W, it was intended that Robinson Brog would act as bankruptcy counsel and prosecute the Litigation to its conclusion.  However, the Debtor undertook an analysis of the costs of  litigating the adversary proceeding to a conclusion through trial, and the Debtor determined that it would be more cost-effective to seek a smaller firm specializing in real estate litigation to represent the Debtor in the Litigation.   The Debtor selected Z&W to handle prosecution of the adversary proceeding based on Z&W's experience with litigating the specific performance issues that at are at the heart of the Litigation.  Robinson Brog will continue to represent the Debtor in its bankruptcy case.

8.      Based upon the foregoing, Z&W submits it does not hold or represent an interest adverse to Debtor with respect to the matters on which it is requesting to be retained, as provided by §327(e) of the Bankruptcy Code and that Z&W's employment is necessary and in the best interests of the Debtor's estate and creditors.

## Professional Compensation

9.      Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Z&W on an hourly rate of $450.00 per hour for partners, $350.00 per hour for of counsel, $300.00 to $350.00 per hour for associates, and $200.00 per

hour for paraprofessionals, plus reimbursement of actual, necessary expenses and other charges incurred by S&Z.

10.     The rates set forth set forth herein are subject to periodic adjustments to reflect economic and other conditions.  The Debtor requests that Z&W be allowed compensation for its services at his usual and customary rates and reimbursement for his expenses pursuant to sections 330 and 331 of the Bankruptcy Code upon submission of appropriate application and court approval.

## No Adverse Interest and Disclosure of Connections

11.     To the best of the Debtor's knowledge and as otherwise disclosed in the Zelmanovitz Declaration submitted concurrently herewith, Z&W has no relation to the Debtor's creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtor or its estate.

12.     To the best of the Debtor's knowledge, Z&W does not hold or represent any interests adverse to Debtor and its estates in connection with the matters on which Z&W is requesting to be employed.

## Notice

13.     The Debtor has served this application on the Office of the United States Trustee, the holders of twenty largest unsecured claims, counsel to the Sellers, and all parties who have filed notices of appearance in this case.  The Debtor submits that such service be deemed appropriate and sufficient under the circumstances.

**WHEREFORE**, Debtor respectfully requests entry of an order, pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing Debtor to employ and

retain Z&W as its special litigation counsel effective as of the November 15, 2018 and for such

other and further relief as is just and proper.

Dated:  New York, New York
        November 16, 2018

                                   ROBINSON BROG LEINWAND GREENE
                                   GENOVESE & GLUCK P.C.
                                   Counsel to Debtor
                                   875 Third Avenue
                                   New York, New York  10022

                                   By:  /s/ Fred B. Ringel
                                   Fred B. Ringel