**ROBINSON BROG LEINWAND GREENE**      **Hearing Date and Time:**
  **GENOVESE & GLUCK P.C.**                   **May 22, 2019 at 3:30 p.m.**
875 Third Avenue
New York, New York 10022
Fred B. Ringel
*Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

In re:                                                                  Chapter 11

**FMTB BH LLC,**                               Case No:  18-42228-cec

                                  Debtor.
----------------------------------------------------------X

### NOTICE OF DEBTOR'S MOTION FOR
### ENTRY OF ORDER EXTENDING EXCLUSIVE
### RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT
### ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF

**PLEASE TAKE NOTICE,** that upon the annexed motion of FMTB BH LLC (the "Debtor"), by its counsel, Robinson Brog Leinwand Greene Genovese & Gluck P.C., dated April 18, 2019, a hearing (the "Hearing") will be held before Honorable Carla E. Craig, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, on May 22, 2019 at 3:30 p.m., or as soon thereafter as counsel can be heard, for entry of an order extending the Debtor's exclusive right to file a plan of reorganization and to solicit acceptances with respect thereto and for related relief.

**PLEASE TAKE FURTHER NOTICE,** that responses, if any, to the relief sought in the motion, must be in writing setting forth the facts and authorities upon which a response is based,

filed with the Clerk of the Court, United States Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, New York 11201, with a copy to Chambers, provided, however, that pursuant to general order No. M-559 re Electronic Case Filing Procedures (as amended from time to time), entities with Internet access shall file responses (formatted with Adobe Acrobat, rider 3.0) at http://www. nyeb.uscourts.gov., and serve so as to be received by the attorneys for the Debtor, Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, New York, New York 10022, Attention: Fred B. Ringel., no later than seven (7) days prior to the hearing (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE,** that if no responses are timely filed and served with respect to the motion, the Debtor may, on or after the Response Deadline, submit to the Court an order substantially in the form of the proposed order annexed to the motion, which order may be entered with no further notice or opportunity to be heard.

**DATED:**   New York, New York
April 18, 2019

    **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
**Attorneys for the Debtor**
875 Third Avenue
New York, New York 10022
(212) 603-6300

**By:  /s/ Fred B. Ringel**
    **Fred B. Ringel**

**ROBINSON BROG LEINWAND GREENE**     <u>**Hearing Date and Time:**</u>
  **GENOVESE & GLUCK P.C.**                **May 22, 2019 at 3:30 p.m.**
875 Third Avenue
New York, New York 10022
Fred B. Ringel
*Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re:                                                            Chapter 11

**FMTB BH LLC,**                                 Case No: 18-42228-cec

                            Debtor.
-----------------------------------------------------------X

**DEBTOR'S MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF**

TO THE HONORABLE CARLA E. CRAIG,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

       **FMTB BH LLC,** the debtor and debtor in possession (the "Debtor"), by its attorneys **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**, seeks the entry of an order, a proposed form of which is annexed to this application as **Exhibit A**, pursuant to Section 1121 of Title 11 of the United States Code (the "Bankruptcy Code") extending the time within which the Debtor has the exclusive right to file a plan of reorganization and to solicit acceptances with respect thereto for 120 days through and including August 16, 2019 and October 17, 2019, respectively. In support thereof, the Debtor states:

## JURISDICTION AND VENUE

       1.      Jurisdiction over this application is vested in the United States District Court for

this District pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding arising under title 11 of the United States Code. See 28 U.S.C. § 157(b)(1). The statutory predicate for the relief sought is Section 1121 of the Bankruptcy Code.

3. Venue of this civil proceeding in this district is proper pursuant to 28 U.S.C § 1409.

## BACKGROUND

4. The Debtor is a limited liability company currently under contract to purchase the five separate pieces real property located at (a) 1821 Topping Avenue, Bronx New York, which is owned by 1821 Topping Avenue LLC; (b) 1974 Morris Avenue, Bronx, New York, which is owned by 1974 Morris Avenue LLC; (c) 1988 Morris Avenue, Bronx, New York, which is owned by 1988 Morris Avenue LLC; (d) 770 Beck Street, Bronx, New York, which is owned by 700 Beck Street LLC; and (e) 1143 Forest Avenue, Bronx, New York, which is owned by 1143 Forest Avenue LLC ((a) – (e), together, the "Properties"). Each contract of sale with respect to the individual Properties are virtually identical, except for the sale price.

5. On April 23, 2018 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of the title 11 of the United States Code. The Debtor's case was commenced in order for the Debtor to exercise its rights under the Bankruptcy Code and seek specific performance from the sellers of the Properties to close on the sale of the Properties pursuant to each respective contract of sale.

## RELIEF REQUESTED

6. Pursuant to section 1121(b) of the Bankruptcy Code, the Debtor has the exclusive

right to file a plan of reorganization during the first 120 days following the Petition Date (the "Exclusivity Period"). In addition, pursuant to Section 1121(c)(3) of the Bankruptcy Code, the Debtor is given the exclusive right to solicit acceptances to any plan filed during the Exclusivity Period for one hundred eighty (180) days following the Petition Date (the "Acceptance Period," together with the Exclusivity Period, the "Exclusive Periods"). Pursuant to Section 1121(d) of the Bankruptcy Code, this Court may extend the Exclusive Periods.

7. The current Exclusivity Period and Acceptance Period expire on April 18, 2019 and October 17, 2019, respectively. The filing of a motion pursuant to Section 1121(d) prior to the expiration of the Exclusive Periods tolls the deadline pending resolution of such motion. See 11 U.S.C. § 1121(d)(1) ("[s]ubject to paragraph (2) on request of a party in interest made *within* the respective periods specified in subsections (b) and (c) of this section . . . the court may for cause reduce or increase the 120 day period or the 180 day period referred to in this section.") (emphasis added).

8. This is the Debtor's third request for an extension of the Exclusive Periods. The Debtor seeks the entry of an order: (i) extending the Exclusivity Period for 120 days to and including August 16, 2019, and in the event the Debtor timely files a plan within said extension, (ii) extending the Acceptance Period for 120 days to and including October 17, 2019; to ensure that this Court, the Debtor and other parties in interest are not distracted by the filing of any competing or premature plans.

9. The Debtor submits it should be granted the requested extensions of the Exclusive Periods so that it will have sufficient time to, *inter alia,* formulate, file and confirm a plan of reorganization.

{00999668.DOCX;1 }

3

## CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIODS

10. The Debtor's Exclusive Periods may be extended by this Court for "cause" pursuant to Section 1121(d) of the Bankruptcy Code.

11. The moving party bears the burden of establishing that cause exists for an extension of exclusivity under Section 1121(d) of the Bankruptcy Code. In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y., 1987). Whether cause exists to extend a debtor's exclusive period is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See, e.g., In re Adelphia Commc'ns Corp., 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006), First American Bank of New York v. Southwest Gloves and Safety Equipment, Inc., 64 B.R. 963, 965 (D. Del. 1986); Texaco, 76 B.R. at 325; In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1987); In re Tony Downs Foods Co., 34 B.R. 405, 407 (Bankr. D. Minn. 1983). Bankruptcy courts exercise broad flexibility in making such determinations. See, H.R. Rep. No. 595, 95th Cong., 2d Sess. 232 (1978); See also In re Perkins, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of [Section 1121(d)] is flexibility").

12. Bankruptcy courts generally focus on nine factors to determine whether a motion to extend exclusivity pursuant to 11 U.S.C. § 1121(d) should be granted:

- (a) the size and complexity of the case;
- (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
- (c) the existence of good faith progress toward reorganization;
- (d) the fact that the debtor is paying its bills as they become due;
- (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
- (f) whether the debtor has made progress in negotiations with its creditors;
- (g) the amount of time which has elapsed in the case;
- (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
- (i) whether an unresolved contingency exists.

In re Adelphia 352 B.R. at 857.

13.     The Debtor submits that factors "(h)" and "(i)" are inapplicable to the instant case. The Debtor submits that it satisfies factors "(a)" through "(g)" which militate towards granting the relief requested.

14.     Since the Debtor's last extension of its Exclusive Periods, the Debtor continues to litigate the adversary proceeding commenced against 1988 Morris Avenue LLC, 1974 Morris Avenue LLC, 700 Beck Street LLC, 1143 Forest Avenue LLC, and 1821 Topping Avenue LLC (collectively, the "Sellers").  A second discovery order was entered on April 4, 2019, extending the Debtor and Sellers discovery deadline to May 10, 2019.  As discovery is coming towards an end, the Debtor will determine if it is in a position to file any dispositive motion, and if necessary, prepare for trial.  Until the adversary proceeding is resolved, either by settlement or through litigation, the Debtor is unable to engage in meaning negotiations with its creditors or formulate a plan of reorganization as the contracts (and Properties should the Debtor close on the contracts) are currently the Debtor's principle asset.

15.     The Debtor submits that in light of the instant facts and circumstances and in order to provide the Debtor with sufficient time to continue its litigation against the Sellers, that good cause exists to extend the Exclusive Periods.  The Debtor believes that the requested extensions will promote the orderly reorganization of the Debtor without the need to devote unnecessary time, money and energy to defending against or responding to a competing plan.

16.     The Debtor has served this application on the Office of the United States Trustee, the holders of twenty largest unsecured claims, counsel to the Sellers, and all parties who have

filed notices of appearance in this case. The Debtor submits that such service be deemed appropriate and sufficient under the circumstances.

17. No prior application for the relief sought has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief sought in this motion and enter an order pursuant to Sections 1121(b), (c)(3) and (d) of the Bankruptcy Code: (i) extending the Debtor's exclusive right to file a plan of reorganization to and including **August 16, 2019;** (ii) and in the event that the Debtor files a plan of reorganization prior to **August 16, 2019,** further extending the Debtor's right to solicit acceptances with respect thereto to and including **October 17, 2019**; and (iii) granting to the Debtor such other and further relief as may be just and appropriate.

**Dated:** New York, New York
April 18, 2019

        **ROBINSON BROG LEINWAND**
         **GREENE GENOVESE & GLUCK P.C.**
        Attorneys for the Debtor
        875 Third Avenue, 9th Floor
        New York, New York 10022
        Tel. No.: 212-603-6300

        By: __/s/ Fred B. Ringel
            **Fred B. Ringel**

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

In re:                                                                                  Chapter 11

**FMTB BH LLC,**                                                           Case No: 18-42228-cec

                                                    Debtor.
------------------------------------------------------------X

## ORDER EXTENDING EXCLUSIVE
## RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT
## ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF

**UPON** the motion dated April 18, 2019 (the "Motion") of FMTB BH LLC (the "Debtor"), the debtor and debtor in possession herein seeking the entry of an order pursuant to section 1121 of Title 11 of the United States Code (the "Bankruptcy Code"): (i) extending the Debtor's exclusive right to file a plan of reorganization through and including **August 16, 2019;** and (ii) in the event that the Debtor files a plan of reorganization on or prior to that date, extending the Debtor's right to solicit acceptances with respect thereto through and including **October 17, 2019**; and a hearing on the Motion having come to be heard on [ ], 2019; and Robinson Brog Leinwand Greene Genovese & Gluck P.C. appearing for the Debtor; and such other parties whose identities are reflected in the record of the hearing having been heard with respect thereto; and it appearing that due and sufficient cause appearing therefor, it is:

**ORDERED**, that the Debtor's exclusive right to file a plan of reorganization pursuant to section 1121 of the Bankruptcy Code is extended through and including August 16, 2019 (the "Exclusivity Period"); and it is further

**ORDERED**, that in the event that the Debtor files a plan of reorganization within the time set forth in the preceding paragraphs, then the Debtor's exclusive right to solicit acceptances with respect thereto pursuant to §1121(c)(3) of the Bankruptcy Code is extended to October 17, 2019 (the "Acceptance Period"); and it is further

**ORDERED**, that the entry of this order is without prejudice to the Debtor's right to seek additional extensions of the Exclusivity Period and Acceptance Period pursuant to §1121 of the Bankruptcy Code.