**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

In re:                                                    Chapter 11

**FMTB BH LLC,**                                          Case No:  18-42228-cec

                             Debtor.
----------------------------------------------------------X

## ORDER AUTHORIZING DEBTOR TO ASSUME
## EXECUTORY CONTRACTS AND GRANTING RELATED RELIEF

**Upon** the motion (the "Motion") of FMTB BH LLC (the "Debtor") pursuant to section 365 of the Bankruptcy Code for an order Authorizing the Debtor to Assume Certain Executory Contracts and Granting Related Relief (ECF Doc. No. 80);[1] and the Defendants having filed their Opposition to the Motion (the "Objection") (ECF Doc. No. ~~82~~ ***83 (CEC)***); and the Debtor having filed its Reply to the Objection (ECF Doc. No. 84); and Debtor having filed the Declaration of Joel Leifer in Support of the Motion (ECF Doc. No. 80-3) and Supplemental Declaration of Joel Leifer in Support of the Motion (ECF Doc. No. 84-1); and the Court having held a hearing on the Motion on September 23, 2020  and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances, (e) the Contracts (as defined in the Motion) are "executory contracts" subject to section 365 of the Bankruptcy Code, (f) the assumption of the Contracts approved herein represents a reasonable exercise of the Debtor's business judgment, (g) the Motion is procedurally proper pursuant to Bankruptcy Rule 6006(e) and (h) the relief requested in the Motion and granted herein is

1

necessary and appropriate to carry out the provisions of the Bankruptcy Code and is in the best

interests of the Debtor, its creditors and other parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing established cause for

the relief granted herein, it is

**ORDERED**, that the Objection is overruled; and it is further

**ORDERED**, the Motion is granted ***to the extent provided herein (CEC)*** and  pursuant to

section 365(a) of the Bankruptcy Code, the Debtor is authorized to assume the Contracts

(together, and including all exhibits, amendments, supplements or modifications thereto) and

schedule a closing (the "Closing") in accordance with the terms of such Contracts and the

Defendants are directed to transfer title to the Debtor at such Closing upon payment of the

purchase price due under the Contracts to the Defendants at Closing strictly in accordance with

the provisions of the Contracts; and it is further

**ORDERED**, that notwithstanding the provision of the Contracts that require the Premises

to be delivered vacant at closing, Defendants shall be excused from compliance with such

provision but only to the extent Defendants are unable to  comply due to the provisions of

Executive Order 202.66 signed by Governor Cuomo;  and it is further

**ORDERED**, that within 30 days of entry of this Order, the Debtor shall pay to the

Defendants 36 months of mortgage payments (October 4, 2017 through October 4, 2020) due

under the 1988 Morris Addendum ($2,957.50 per month) in the amount of $106,470.00 and 36

months of mortgage payments due under the 1821 Topping Addendum ($3,920.00 per month) in

the amount of $141,120.00, for a total of $247,590.00 (collectively, the "Mortgage Payments")

---

1  Capitalized terms not otherwise defined in this Order shall have the same meaning as set forth in the Motion.

and upon making such Mortgage Payments, the Debtor  shall be deemed to have cured all defaults under the Contracts within the meaning of 11 U.S.C. § *__365__*(b)(1)(A); and it is further

   **ORDERED**, that upon payment at Closing of the balance of the purchase price due under the Contracts in the amount of $2,113,755.00, plus any additional mortgage payments due under the 1988 Morris Addendum and 1821 Topping Addendum at Closing for the period subsequent to October 4, 2020, the Debtor shall  have satisfied all of its monetary obligations due to the ~~non-debtor parties to~~ *__Defendants under (CEC)__* the Contracts as of the Closing.



**Dated: Brooklyn, New York**
**        September 30, 2020**

**Carla E. Craig**
**United States Bankruptcy Judge**