Joseph Zelmanovitz
STAHL & ZELMANOVITZ
747 Third Avenue, Suite 33B
New York, New York 10017
T: (212) 826-6422
F: (212) 826-6402
jzelmanovitz@szlawllp.com

*Special Litigation Counsel for
Debtor / Plaintiff FMTB BH LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

FMTB BH LLC,

                                    Debtor.

------------------------------------------------------------x

FMTB BH LLC,

                                    Plaintiff,

        - against -

1988 MORRIS AVENUE LLC, 1974 MORRIS
AVENUE LLC, 700 BECK STREET LLC, 1143
FOREST AVENUE LLC, and 1821 TOPPING
AVENUE LLC,

                                    Defendants.

------------------------------------------------------------x

Chapter 11

Case No. 18-42228-cec

Adv. Pro. No. 18-01052-cec

## DECLARATION OF JOSEPH ZELMANOVITZ IN OPPOSITION TO DEFENDANTS' MOTION FOR A STAY PENDING APPEAL

Joseph Zelmanovitz declares under penalty of perjury pursuant to 28 U.S.C. § 1746, that

the following is true and correct:

1.        I am an attorney duly admitted to practice before this Court and am a member of

Stahl & Zelmanovitz, special litigation counsel for Debtor/Plaintiff FMTB BH LLC ("FMTB").

{01076867.DOCX;1 }1

I respectfully submit this declaration in opposition to the motion of defendants for a stay pending appeal.

2.    Attached to this declaration as Exhibit A is a true copy of defendants' Notice of Appeal, dated September 10, 2020 and filed September 11, 2020, from the Decision and Order of the Bankruptcy Court entered on or about September 2, 2020.  (Copies of the Decision and Order are attached to defendants' motion papers.)

3.    Attached to this declaration as Exhibit B is a true copy of the Order Authorizing Debtor to Assume Executory Contracts and Granting Related Relief (the "Assumption Order"), entered October 1, 2020.

4.    Attached to this declaration as Exhibit C is a true copy of my letter to The Honorable Allyne R. Ross, United States District Judge, Eastern District of New York, dated September 22, 2020, requesting a pre-motion conference regarding FMTB's prospective motion to dismiss defendants' appeal.

5.    Attached to this declaration as Exhibit D is a true copy of my letters to defendants' counsel, dated October 2, 2020, notifying them of the scheduling of the closings on the five properties that are the subject of the adversary proceeding, for October 26, 2020, at 10 a.m., time being of the essence.

6.    Attached to this declaration as Exhibit E is a true copy of the Order of Judge Ross, entered October 21, 2020, stating that a pre-motion conference for FMTB's prospective motion to dismiss defendants' appeal was not necessary, and authorizing the filing of the motion by October 30, 2020.

7.    FMTB's counsel appeared for the scheduled closing on October 26, 2020, but defendants stated that they would not proceed with the closing in light of the filing of their motion for a stay pending appeal.

Executed this 28th day of October, New York, New York.


/s/Joseph Zelmanovitz
Joseph Zelmanovitz

# EXHIBIT A

JS 44C EDNY (Rev 3/9/2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
FMTB BH LLC

## DEFENDANTS
**1988 MORRIS AVENUE LLC, 1974 MORRIS AVENUE LLC, 700 BECK STREET LLC, 1143 FOREST AVENUE LLC, 1821 TOPPING AVENUE LLC,**

**(b)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Zelmanovitz, Esq., Stahl & Zelmanovitz; 747 Third Avenue, Suite 33B, New York, New York 10017

Attorneys *(If Known)*
Brian J. Markowitz, Esq., Daniel Goldenberg, Esq.; Goldstein Hall PLLC, 80 Broad Street, Suite 303, New York, New York 10004

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITING A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY)

**Please refer to the additional page annexed hereto.**

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Specific Performance

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Carla E. Craig    DOCKET NUMBER 18-42228-CEC

DATE
September 10, 2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITING A BRIEF STATEMENT OF CAUSE) (DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY)**

a. FRBP 8002

b. Whether, in deciding Plaintiff's five distinct claims for the specific performance of five contracts for the sale of five properties, that had a contractually agreed to time of essence (TOE) closing (i) the bankruptcy court erred, as a matter of law, in concluding that (a) the mend-the-hold doctrine does not prohibit Plaintiff from alleging post-hoc allegations of breach other than those specified in Plaintiff's TOE Rejection Letters; and (b) the law allows Plaintiff to maintain causes of action despite not appearing at the TOE closing and demanding Defendants' performance; and (ii) the bankruptcy court erred in finding that (a) the factual record demonstrates Plaintiff's readiness, willingness, and ability to close on Law Day, (b) the Plaintiff did not default under the Contracts by failing to appear at the TOE closing, and (c) the factual record demonstrates that Defendants breached their respective contract and were unable to transfer the properties in accordance with the contract.

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Kings County
1335 50 Street, Suite 3G
Brooklyn, NY

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

All Defendants are located in Bronx County

1974 Morris Avenue LLC - 1974 Morris Avenue, Bronx, NY

700 Beck Street LLC - 770 Beck Street, Bronx, NY

1143 Forest Avenue LLC - 1143 Forest Avenue, Bronx, NY

1821 Topping Avenue LLC - 1821 Topping Avenue, Bronx, NY
1988 Morris Avenue LLC - 1988 Morris Avenue, Bronx, NY

**DEFENDANT(S) ADDRESS UNKNOWN**

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)    Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?
☐ Yes    ☑ No

2.)    If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☐ Yes    ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?    ☑ Yes    ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: _____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?    ☐ Yes    ☑ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑    Yes                    ☐    No

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

☐    Yes  *(If yes, please explain)*        ☑    No

I certify the accuracy of all information provided above.
Signature: _____

JS 44C/EDNY Reverse (Rev. 03/18)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.

    a)    **Plaintiffs-Defendants**.  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    b)    **County of Residence**. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    c)    **Attorneys**. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.       **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below. United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here. United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties**. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  Do not cite jurisdictional statutes unless diversity.  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

V.      **Origin**. Place an "X" in one of the seven boxes.
      Original Proceedings.  (1) Cases which originate in the United States district courts.
      Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
      Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
      Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
      Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
      Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
      Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
      **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.     **Nature of Suit**. Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

VII.    **Requested in Complaint**. Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction. Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases**. This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature. Date and sign the civil cover sheet.**

Official Form 417A (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   1988 Morris Avenue LLC, 1974 Morris Avenue LLC, 700 Beck Street LLC, 1143 Forest Avenue LLC, 1821 Topping Avenue LLC
2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

- ☐ Plaintiff
- ☒ Defendant
- ☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

- ☐ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ Other (describe) _____

### Part 2:  Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Post trial decision regarding claims for specific performance of five contracts of sale for the sale of 5 properties.

2. State the date on which the judgment, order, or decree was entered: September 3, 2020

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: 1988 Morris Avenue LLC Attorney: Brian J. Markowitz
   Daniel Goldenberg
   Goldstein Hall PLLC
   80 Broad Street, Suite 303
   New York, New York 10004
2. Party: 1974 Morris Avenue LLC Attorney: Brian J. Markowitz
   Daniel Goldenberg
   Goldstein Hall PLLC
   80 Broad Street, Suite 303
   New York, New York 10004

Official Form 417A (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   1988 Morris Avenue LLC, 1974 Morris Avenue LLC, 700 Beck Street LLC,
   1143 Forest Avenue LLC, 1821 Topping Avenue LLC
2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

- ☐ Plaintiff
- ☒ Defendant
- ☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

- ☐ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ Other (describe) _____

## Part 2:  Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Post trial decision regarding claims for specific performance of five contracts of sale for the sale of 5 properties.

2. State the date on which the judgment, order, or decree was entered: September 3, 2020

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: 700 Beck Street LLC    Attorney: Brian J. Markowitz
   Daniel Goldenberg
   Goldstein Hall PLLC
   80 Broad Street, Suite 303
   New York, New York 10004

2. Party: 1143 Forest Avenue LLC Attorney: Brian J. Markowitz
   Daniel Goldenberg
   Goldstein Hall PLLC
   80 Broad Street, Suite 303
   New York, New York 10004

Official Form 417A (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   1988 Morris Avenue LLC, 1974 Morris Avenue LLC, 700 Beck Street LLC, 1143 Forest Avenue LLC, 1821 Topping Avenue LLC
2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☒ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (describe) _____

### Part 2:  Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Post trial decision regarding claims for specific performance of five contracts of sale for the sale of 5 properties.

2. State the date on which the judgment, order, or decree was entered: September 3, 2020

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: 1821 Topping Avenue LLC          Attorney: Brian J. Markowitz
                                                      Daniel Goldenberg
                                                      Goldstein Hall PLLC
                                                      80 Broad Street, Suite 303
                                                      New York, New York 10004

2. Party: _____          Attorney: _____
                                                      _____
                                                      _____
                                                      _____

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

> ❑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: September 10, 2020

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Brian J. Markowitz
Daniel Goldenberg
Goldstein Hall PLLC
80 Broad Street, Suite 303
New York, New York 10004

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                    Chapter 11

**FMTB BH LLC,**                                          Case No: 18-42228-cec

                                    Debtor.
-----------------------------------------------------------X

## ORDER AUTHORIZING DEBTOR TO ASSUME
## EXECUTORY CONTRACTS AND GRANTING RELATED RELIEF

**Upon** the motion (the "Motion") of FMTB BH LLC (the "Debtor") pursuant to section

365 of the Bankruptcy Code for an order Authorizing the Debtor to Assume Certain Executory

Contracts and Granting Related Relief (ECF Doc. No. 80);[1] and the Defendants having filed their

Opposition to the Motion (the "Objection") (ECF Doc. No. ~~82~~ *83 (CEC)*); and the Debtor having

filed its Reply to the Objection (ECF Doc. No. 84); and Debtor having filed the Declaration of

Joel Leifer in Support of the Motion (ECF Doc. No. 80-3) and Supplemental Declaration of Joel

Leifer in Support of the Motion (ECF Doc. No. 84-1); and the Court having held a hearing on the

Motion on September 23, 2020  and the Court having found that (a) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. §

157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances, (e) the

Contracts (as defined in the Motion) are "executory contracts" subject to section 365 of the

Bankruptcy Code, (f) the assumption of the Contracts approved herein represents a reasonable

exercise of the Debtor's business judgment, (g) the Motion is procedurally proper pursuant to

Bankruptcy Rule 6006(e) and (h) the relief requested in the Motion and granted herein is

1

necessary and appropriate to carry out the provisions of the Bankruptcy Code and is in the best

interests of the Debtor, its creditors and other parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing established cause for

the relief granted herein, it is

ORDERED, that the Objection is overruled; and it is further

ORDERED, the Motion is granted *to the extent provided herein (CEC)* and pursuant to

section 365(a) of the Bankruptcy Code, the Debtor is authorized to assume the Contracts

(together, and including all exhibits, amendments, supplements or modifications thereto) and

schedule a closing (the "Closing") in accordance with the terms of such Contracts and the

Defendants are directed to transfer title to the Debtor at such Closing upon payment of the

purchase price due under the Contracts to the Defendants at Closing strictly in accordance with

the provisions of the Contracts; and it is further

ORDERED, that notwithstanding the provision of the Contracts that require the Premises

to be delivered vacant at closing, Defendants shall be excused from compliance with such

provision but only to the extent Defendants are unable to comply due to the provisions of

Executive Order 202.66 signed by Governor Cuomo; and it is further

ORDERED, that within 30 days of entry of this Order, the Debtor shall pay to the

Defendants 36 months of mortgage payments (October 4, 2017 through October 4, 2020) due

under the 1988 Morris Addendum ($2,957.50 per month) in the amount of $106,470.00 and 36

months of mortgage payments due under the 1821 Topping Addendum ($3,920.00 per month) in

the amount of $141,120.00, for a total of $247,590.00 (collectively, the "Mortgage Payments")

---

1 Capitalized terms not otherwise defined in this Order shall have the same meaning as set forth in the Motion.

and upon making such Mortgage Payments, the Debtor shall be deemed to have cured all defaults under the Contracts within the meaning of 11 U.S.C. § *365*(b)(1)(A); and it is further

**ORDERED,** that upon payment at Closing of the balance of the purchase price due under the Contracts in the amount of $2,113,755.00, plus any additional mortgage payments due under the 1988 Morris Addendum and 1821 Topping Addendum at Closing for the period subsequent to October 4, 2020, the Debtor shall have satisfied all of its monetary obligations due to the ~~non-debtor parties to~~ ***Defendants under (CEC)*** the Contracts as of the Closing.



**Dated: Brooklyn, New York**
**September 30, 2020**

*Carla E. Craig*
Carla E. Craig
**United States Bankruptcy Judge**

# EXHIBIT C

STAHL & ZELMANOVITZ

September 22, 2020

**By ECF**

The Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **FMTB BH LLC, Plaintiff-Appellee v.**
             **v. 1988 Morris Avenue LLC et al., Defendants-Appellants**
             **Case No. 20-cv-04296 (ARR)**

Dear Judge Ross:

      We are attorneys for plaintiff-appellee FMTB BH LLC ("FMTB") in this action, which involves the appeal from the September 2, 2020 Decision and Order of the United States Bankruptcy Court, E.D.N.Y. (Craig, J.) filed by defendants-appellees 1988 Morris Avenue LLC, 1974 Morris Avenue LLC, 700 Beck Street LLC, 1143 Forest Avenue LLC, and 1821 Topping Avenue LLC (collectively, the "Appellants").[1] We respectfully submit this letter to request a pre-motion conference in connection with FMTB's prospective motion to dismiss the appeal for lack of jurisdiction pursuant to 28 U.S.C.§ 158(a). The appeal is interlocutory and is not ripe for determination at this time.

**Background**

      Appellants executed five contracts to sell five separate properties to FMTB (the "Contracts"). Appellants fixed December 18, 2017, time being of the essence, for the closings under the Contracts. FMTB did not appear on the Law Day, claiming that Appellants breached the Contracts, thereby excusing FMTB's appearance at closing. Appellants took the position that FMTB breached the Contracts by not appearing for the closings. FMTB thereafter filed its chapter 11 case and commenced an adversary proceeding against Appellants seeking specific performance of the Contracts or, alternatively, for damages for Appellants' breach. Appellants asserted counterclaims for damages. After a two-day trial, the Bankruptcy Court rendered its Decision dated September 2, 2020 (the "Decision," a copy of which is attached to Appellants' Notice of Appeal), finding that (i) Appellants breached the Contracts, and (ii) FMTB did not default under the Contracts by failing to appear and tender performance on the Law Day. The Bankruptcy Court further concluded that FMTB's specific performance claim and Appellants' counterclaims had to be addressed in the context of the Bankruptcy Case, and dismissed those claims without prejudice. Simultaneously with the Decision, the Bankruptcy Court entered an "Order (I) DETERMINING THAT THE PLAINTIFF DID NOT BREACH THE CONTRACTS AND (II) SCHEDULING A

---

[1]     FMTB is the debtor in its own chapter 11 case, *In re FMTB BH LLC*, case no. 18-42228-CEC, and is the plaintiff in the adversary proceeding filed in the bankruptcy court in that case, 18-1052-CEC (the "Adversary Proceeding").

747 Third Avenue      Fax: (212) 826-6402
New York, N.Y. 10017
(212) 826-6422

STAHL & ZELMANOVITZ

HEARING ON ASSUMPTION OF THE CONTRACTS." (A copy of this Order is also attached to the Notice of Appeal.) The Order directed FMTB to file a motion to assume the Contracts by September 9, 2020, which it has now done, and the motion is scheduled to be heard by the Bankruptcy Court on September 23, 2020.

Appellants then filed a notice of appeal from the Decision and Order of the Bankruptcy Court to this Court. On September 9, 2020, the Debtor filed its motion to assume the Contracts, which is scheduled to be heard by the Bankruptcy Court on September 23, 2020.

## The Appeal Should Be Dismissed

Pursuant to 28 U.S.C. § 158(a), district courts of the United States have jurisdiction to hear appeals from "*final* judgments, orders, and decrees entered by bankruptcy courts in cases and proceedings." *Ritzen Group, Inc. v. Jackson Massonry, LLC*, 140 S. Ct. 582, 586 (2020) (emphasis added) (internal quotations omitted); *Concrete Capital, LLC v. Olympic Prop. Partners (In re Olympic Prop. Partners, LLC)*, 566 B.R. 334 (S.D.N.Y. 2017) (Karas, J.) (citing *In re DBSD N. Am., Inc.*, 634 F.3d 79, 88 (2d Cir. 20110)). "By providing for appeals from final decisions in bankruptcy 'proceedings,' as distinguished from bankruptcy 'cases', Congress made 'orders in bankruptcy cases . . . immediately appeal[able] if they finally dispose of discrete disputes within the larger [bankruptcy] case.'" *Ritzen Group, Inc.,* 140 S. Ct. at 587; *see also Wynn v. Reiber (in re Wynn)*, 778 F. App'x 40 (2d Cir. 2019) ("bankruptcy order is final if it completely resolves all of the issues pertaining to a discrete claim, including issues as to proper relief"); *Concrete Capital, LLC*, 566 B.R. at 338 (recognizing "'[a] bankruptcy case involves an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor.'" (quoting *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1691-92 (2015)). To be considered "final," a judgment, order, or decree must "completely resolve all of the issues pertaining to a discrete claim" or dispute. *Shimer v. Fugazy (In re Fugazy Express, Inc.)*, 982 F.2d 769, 776 (2d Cir. 1992); *In re Integrated Res.*, 3 F.3d 49, 53 (2d Cir. 1993); *Veeraswamy v. Jones*, 2019 U.S. Dist. LEXIS 70927, at *1-2 (E.D.N.Y., Apr. 26, 2019) ("A 'dispute' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." (citing *In re Fugazy Express, Inc.*, 982 F.2d at 775)).

As stated by the Second Circuit:

> We have thus recognized that Congress intended to allow for immediate appeal in bankruptcy cases of orders that "finally dispose of *discrete disputes within the larger case.*" . . . By "disputes" we do not mean merely compelling contentions with respect to separable issues; rather, we apply the same standards of finality that we apply to an appeal under 28 U.S.C. § 1291. . .

*In re Fugazy Express, Inc.*, 982 F.2d at 775-76 (emphasis added) (internal citations omitted); *Concrete Capital, LLC*, 566 B.R. at 338 ("The Court lacks jurisdiction over this appeal because the Bankruptcy Order is not final as it pertains to the amount of fees, costs, and damages.").

Where the Bankruptcy Court, as here, expressly declines to award the relief requested and leaves the matter open to be decided based on further motion practice, the order is not deemed

STAHL & ZELMANOVITZ

final for purposes of appeal. The Decision and Order of the Bankruptcy Court here expressly requires further proceedings to determine the dispute at issue: FMTB's right to specific performance of the Contracts and Appellants' counterclaims for amounts owed to them under the Addendums to the Contracts. Indeed, both issues are likely to be resolved by the upcoming motion practice in the Bankruptcy Court. If FMTB's motion to assume the Contracts is approved by the Bankruptcy Court, there will be no need for further litigation on FMTB's specific performance claim as the Bankruptcy Court's assumption order will require the parties to live up to their contractual obligations. Similarly, if assumption is approved, the Debtor will have to cure any monetary defaults under the Contracts by paying the amounts due under the Contracts. There will not be the need for subsequent litigation by the parties with respect to alleged defaults. If Appellants are permitted to proceed with their appeal of the interlocutory, or non-final, order, multiple inefficient litigation will result.

The need for subsequent motion practice for the assumption of the executory contracts at issue makes it clear that the Decision and Order is non-final for purposes of appeal. *Cf. In re WorldCom, Inc.*, 02-13533 (AJG), 2005 U.S. Dist. LEXIS 9692, 2005 WL 1208519, at *5 (S.D.N.Y., May 19, 2005) (a bankruptcy court order would be deemed final where it approves the assumption or assignment of an executory contract).

Thus, the Court should dismiss Appellants' appeals so that FMTB is not forced to respond and expend further time and money before all the issues have been finally decided by the Bankruptcy Court.

Respectfully submitted,

Joseph Zelmanovitz (JZ 0085)

cc: Brian J. Markowitz, Esq.
    Attorneys for Appellants (by ECF)
  Fred B. Ringel, Esq.
    Attorneys for Debtor (by ECF)

# EXHIBIT D

STAHL & ZELMANOVITZ

October 2, 2020

**By FedEx**
Brian Hsu, Esq.
Goldstein Hall PLLC
80 Broad Street, Suite 303
New York, New York 10004

Re:  Seller:       **1988 Morris Ave LLC**
     Purchaser:   **FMTB BH LLC**
     Premises:    **1988 Morris Avenue, Bronx, NY 10453**

Dear Mr. Hsu:

We are attorneys for the above-referenced Purchaser, FMTB BH LLC.

Please be advised that pursuant to the Order Authorizing Debtor to Assume Executory Contracts and Granting Related Relief, entered in the United States Bankruptcy Court, Eastern District of New York, on October 1, 2020 (*In re: FMTB BH LLC*, Chapter 11, Case No. 18-42228-cec) (the "Order"), notice is hereby given that the closing on the Contract of Sale for the Premises, dated as of June 19, 2017, as amended by Addendum dated October 4, 2017, between the above-referenced Seller and Purchaser (collectively, the "Contract"), will take place at the offices of Goldstein Hall PLLC, 80 Broad Street, Suite 303, New York, NY 10004, on **October 26, 2020, at 10:00 a.m., TIME BEING OF THE ESSENCE. A** copy of the Order is enclosed.

Please be further advised that in accordance with the Order, to the extent the Contract requires the Premises to be delivered vacant at closing, Seller shall be excused from compliance with such provision but only to the extent Seller is unable to comply due to the provisions of Executive Order 202.66 signed by Governor Cuomo. All other conditions and requirements set forth in the Contract are not waived.

Should Seller fail to close title on the above date in accordance with the terms of the Contract, please be advised that Purchaser will pursue any and all available and appropriate legal and equitable remedies on behalf of Purchaser.

This notice shall not serve to act as a waiver of any of Purchaser's rights and remedies, all of which are expressly reserved.

Very truly yours,

STAHL & ZELMANOVITZ

By: _____
        Joseph Zelmanovitz
        A Member of the Firm

747 Third Avenue      Fax: (212) 826-6402
New York, N.Y. 10017
(212) 826-6422

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re:                                          Chapter 11

**FMTB BH LLC,**                                Case No:  18-42228-cec

                              Debtor.

-----------------------------------------------------------X

## ORDER AUTHORIZING DEBTOR TO ASSUME
## EXECUTORY CONTRACTS AND GRANTING RELATED RELIEF

**Upon** the motion (the "Motion") of FMTB BH LLC (the "Debtor") pursuant to section

365 of the Bankruptcy Code for an order Authorizing the Debtor to Assume Certain Executory

Contracts and Granting Related Relief (ECF Doc. No. 80);[1] and the Defendants having filed their

Opposition to the Motion (the "Objection") (ECF Doc. No. ~~82~~ *83 (CEC)*); and the Debtor having

filed its Reply to the Objection (ECF Doc. No. 84); and Debtor having filed the Declaration of

Joel Leifer in Support of the Motion (ECF Doc. No. 80-3) and Supplemental Declaration of Joel

Leifer in Support of the Motion (ECF Doc. No. 84-1); and the Court having held a hearing on the

Motion on September 23, 2020  and the Court having found that (a) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. §

157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances, (e) the

Contracts (as defined in the Motion) are "executory contracts" subject to section 365 of the

Bankruptcy Code, (f) the assumption of the Contracts approved herein represents a reasonable

exercise of the Debtor's business judgment, (g) the Motion is procedurally proper pursuant to

Bankruptcy Rule 6006(e) and (h) the relief requested in the Motion and granted herein is

1

necessary and appropriate to carry out the provisions of the Bankruptcy Code and is in the best

interests of the Debtor, its creditors and other parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing established cause for

the relief granted herein, it is

      **ORDERED**, that the Objection is overruled; and it is further

      **ORDERED**, the Motion is granted ***to the extent provided herein (CEC)*** and  pursuant to

section 365(a) of the Bankruptcy Code, the Debtor is authorized to assume the Contracts

(together, and including all exhibits, amendments, supplements or modifications thereto) and

schedule a closing (the "Closing") in accordance with the terms of such Contracts and the

Defendants are directed to transfer title to the Debtor at such Closing upon payment of the

purchase price due under the Contracts to the Defendants at Closing strictly in accordance with

the provisions of the Contracts; and it is further

      **ORDERED**, that notwithstanding the provision of the Contracts that require the Premises

to be delivered vacant at closing, Defendants shall be excused from compliance with such

provision but only to the extent Defendants are unable to  comply due to the provisions of

Executive Order 202.66 signed by Governor Cuomo;  and it is further

      **ORDERED**, that within 30 days of entry of this Order, the Debtor shall pay to the

Defendants 36 months of mortgage payments (October 4, 2017 through October 4, 2020) due

under the 1988 Morris Addendum ($2,957.50 per month) in the amount of $106,470.00 and 36

months of mortgage payments due under the 1821 Topping Addendum ($3,920.00 per month) in

the amount of $141,120.00, for a total of $247,590.00 (collectively, the "Mortgage Payments")

---

1  Capitalized terms not otherwise defined in this Order shall have the same meaning as set forth in the Motion.

and upon making such Mortgage Payments, the Debtor shall be deemed to have cured all

defaults under the Contracts within the meaning of 11 U.S.C. § *365*(b)(1)(A); and it is further

**ORDERED,** that upon payment at Closing of the balance of the purchase price due under

the Contracts in the amount of $2,113,755.00, plus any additional mortgage payments due under

the 1988 Morris Addendum and 1821 Topping Addendum at Closing for the period subsequent

to October 4, 2020, the Debtor shall have satisfied all of its monetary obligations due to the ~~non-

debtor parties to~~ ***Defendants under (CEC)*** the Contracts as of the Closing.



**Dated: Brooklyn, New York**
**September 30, 2020**

_____

**Carla E. Craig**
**United States Bankruptcy Judge**

STAHL & ZELMANOVITZ

October 2, 2020

**By FedEx**
Brian Hsu, Esq.
Goldstein Hall PLLC
80 Broad Street, Suite 303
New York, New York 10004

<table>
<tr><td>Re:</td><td>Seller:</td><td>**1974 Morris Ave LLC**</td></tr>
<tr><td></td><td>Purchaser:</td><td>**FMTB BH LLC**</td></tr>
<tr><td></td><td>Premises:</td><td>**1974 Morris Avenue, Bronx, NY 10457**</td></tr>
</table>

Dear Mr. Hsu:

We are attorneys for the above-referenced Purchaser, FMTB BH LLC.

Please be advised that pursuant to the Order Authorizing Debtor to Assume Executory Contracts and Granting Related Relief, entered in the United States Bankruptcy Court, Eastern District of New York, on October 1, 2020 (*In re: FMTB BH LLC*, Chapter 11, Case No. 18-42228-cec) (the "Order"), notice is hereby given that the closing on the Contract of Sale for the Premises, dated as of June 19, 2017, as amended by Addendum dated October 4, 2017, between the above-referenced Seller and Purchaser (collectively, the "Contract"), will take place at the offices of Goldstein Hall PLLC, 80 Broad Street, Suite 303, New York, NY 10004, on **October 26, 2020, at 10:00 a.m., TIME BEING OF THE ESSENCE.** A copy of the Order is enclosed.

Please be further advised that in accordance with the Order, to the extent the Contract requires the Premises to be delivered vacant at closing, Seller shall be excused from compliance with such provision but only to the extent Seller is unable to comply due to the provisions of Executive Order 202.66 signed by Governor Cuomo. All other conditions and requirements set forth in the Contract are not waived.

Should Seller fail to close title on the above date in accordance with the terms of the Contract, please be advised that Purchaser will pursue any and all available and appropriate legal and equitable remedies on behalf of Purchaser.

This notice shall not serve to act as a waiver of any of Purchaser's rights and remedies, all of which are expressly reserved.

Very truly yours,

STAHL & ZELMANOVITZ

By: _____
Joseph Zelmanovitz
A Member of the Firm

747 Third Avenue          Fax: (212) 826-6402
New York, N.Y. 10017
(212) 826-6422

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re:                                                Chapter 11

**FMTB BH LLC,**                                      Case No: 18-42228-cec

                              Debtor.
-----------------------------------------------------------X

## ORDER AUTHORIZING DEBTOR TO ASSUME
## EXECUTORY CONTRACTS AND GRANTING RELATED RELIEF

**Upon** the motion (the "Motion") of FMTB BH LLC (the "Debtor") pursuant to section

365 of the Bankruptcy Code for an order Authorizing the Debtor to Assume Certain Executory

Contracts and Granting Related Relief (ECF Doc. No. 80);[1] and the Defendants having filed their

Opposition to the Motion (the "Objection") (ECF Doc. No. ~~82~~ *83 (CEC)*); and the Debtor having

filed its Reply to the Objection (ECF Doc. No. 84); and Debtor having filed the Declaration of

Joel Leifer in Support of the Motion (ECF Doc. No. 80-3) and Supplemental Declaration of Joel

Leifer in Support of the Motion (ECF Doc. No. 84-1); and the Court having held a hearing on the

Motion on September 23, 2020  and the Court having found that (a) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. §

157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances, (e) the

Contracts (as defined in the Motion) are "executory contracts" subject to section 365 of the

Bankruptcy Code, (f) the assumption of the Contracts approved herein represents a reasonable

exercise of the Debtor's business judgment, (g) the Motion is procedurally proper pursuant to

Bankruptcy Rule 6006(e) and (h) the relief requested in the Motion and granted herein is

necessary and appropriate to carry out the provisions of the Bankruptcy Code and is in the best

interests of the Debtor, its creditors and other parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing established cause for

the relief granted herein, it is

      **ORDERED**, that the Objection is overruled; and it is further

      **ORDERED**, the Motion is granted ***to the extent provided herein (CEC)*** and pursuant to

section 365(a) of the Bankruptcy Code, the Debtor is authorized to assume the Contracts

(together, and including all exhibits, amendments, supplements or modifications thereto) and

schedule a closing (the "Closing") in accordance with the terms of such Contracts and the

Defendants are directed to transfer title to the Debtor at such Closing upon payment of the

purchase price due under the Contracts to the Defendants at Closing strictly in accordance with

the provisions of the Contracts; and it is further

      **ORDERED**, that notwithstanding the provision of the Contracts that require the Premises

to be delivered vacant at closing, Defendants shall be excused from compliance with such

provision but only to the extent Defendants are unable to comply due to the provisions of

Executive Order 202.66 signed by Governor Cuomo; and it is further

      **ORDERED**, that within 30 days of entry of this Order, the Debtor shall pay to the

Defendants 36 months of mortgage payments (October 4, 2017 through October 4, 2020) due

under the 1988 Morris Addendum ($2,957.50 per month) in the amount of $106,470.00 and 36

months of mortgage payments due under the 1821 Topping Addendum ($3,920.00 per month) in

the amount of $141,120.00, for a total of $247,590.00 (collectively, the "Mortgage Payments")

---

1  Capitalized terms not otherwise defined in this Order shall have the same meaning as set forth in the Motion.

and upon making such Mortgage Payments, the Debtor shall be deemed to have cured all

defaults under the Contracts within the meaning of 11 U.S.C. § *365*(b)(1)(A); and it is further

  **ORDERED**, that upon payment at Closing of the balance of the purchase price due under

the Contracts in the amount of $2,113,755.00, plus any additional mortgage payments due under

the 1988 Morris Addendum and 1821 Topping Addendum at Closing for the period subsequent

to October 4, 2020, the Debtor shall have satisfied all of its monetary obligations due to the ~~non-~~

~~debtor parties to~~ ***Defendants under (CEC)*** the Contracts as of the Closing.



**Dated: Brooklyn, New York**
   **September 30, 2020**

         **Carla E. Craig**
      **United States Bankruptcy Judge**

STAHL & ZELMANOVITZ

October 2, 2020

**By FedEx**
Brian Hsu, Esq.
Goldstein Hall PLLC
80 Broad Street, Suite 303
New York, New York 10004

Re:  **Seller:**       **1821 Topping Ave LLC**
     **Purchaser:**    **FMTB BH LLC**
     **Premises:**     **1821 Topping Avenue, Bronx, NY 10457**

Dear Mr. Hsu:

We are attorneys for the above-referenced Purchaser, FMTB BH LLC.

Please be advised that pursuant to the Order Authorizing Debtor to Assume Executory Contracts and Granting Related Relief, entered in the United States Bankruptcy Court, Eastern District of New York, on October 1, 2020 (*In re: FMTB BH LLC*, Chapter 11, Case No. 18-42228-cec) (the "Order"), notice is hereby given that the closing on the Contract of Sale for the Premises, dated as of June 19, 2017, as amended by Addendum dated October 4, 2017, between the above-referenced Seller and Purchaser (collectively, the "Contract"), will take place at the offices of Goldstein Hall PLLC, 80 Broad Street, Suite 303, New York, NY 10004, on **October 26, 2020, at 10:00 a.m., TIME BEING OF THE ESSENCE.**  A copy of the Order is enclosed.

Please be further advised that in accordance with the Order, to the extent the Contract requires the Premises to be delivered vacant at closing, Seller shall be excused from compliance with such provision but only to the extent Seller is unable to comply due to the provisions of Executive Order 202.66 signed by Governor Cuomo. All other conditions and requirements set forth in the Contract are not waived.

Should Seller fail to close title on the above date in accordance with the terms of the Contract, please be advised that Purchaser will pursue any and all available and appropriate legal and equitable remedies on behalf of Purchaser.

This notice shall not serve to act as a waiver of any of Purchaser's rights and remedies, all of which are expressly reserved.

Very truly yours,

STAHL & ZELMANOVITZ

By: _____
    Joseph Zelmanovitz
    A Member of the Firm

747 Third Avenue          Fax: (212) 826-6402
New York, N.Y. 10017
(212) 826-6432

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re:                                                          Chapter 11

**FMTB BH LLC,**                                      Case No:  18-42228-cec

                                    Debtor.
-----------------------------------------------------------X

## ORDER AUTHORIZING DEBTOR TO ASSUME
## EXECUTORY CONTRACTS AND GRANTING RELATED RELIEF

      **Upon** the motion (the "Motion") of FMTB BH LLC (the "Debtor") pursuant to section

365 of the Bankruptcy Code for an order Authorizing the Debtor to Assume Certain Executory

Contracts and Granting Related Relief (ECF Doc. No. 80);[1] and the Defendants having filed their

Opposition to the Motion (the "Objection") (ECF Doc. No. ~~82~~ **83 _(CEC)_**); and the Debtor having

filed its Reply to the Objection (ECF Doc. No. 84); and Debtor having filed the Declaration of

Joel Leifer in Support of the Motion (ECF Doc. No. 80-3) and Supplemental Declaration of Joel

Leifer in Support of the Motion (ECF Doc. No. 84-1); and the Court having held a hearing on the

Motion on September 23, 2020  and the Court having found that (a) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. §

157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances, (e) the

Contracts (as defined in the Motion) are "executory contracts" subject to section 365 of the

Bankruptcy Code, (f) the assumption of the Contracts approved herein represents a reasonable

exercise of the Debtor's business judgment, (g) the Motion is procedurally proper pursuant to

Bankruptcy Rule 6006(e) and (h) the relief requested in the Motion and granted herein is

1

necessary and appropriate to carry out the provisions of the Bankruptcy Code and is in the best

interests of the Debtor, its creditors and other parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing established cause for

the relief granted herein, it is

      **ORDERED**, that the Objection is overruled; and it is further

      **ORDERED**, the Motion is granted ***to the extent provided herein (CEC)*** and  pursuant to

section 365(a) of the Bankruptcy Code, the Debtor is authorized to assume the Contracts

(together, and including all exhibits, amendments, supplements or modifications thereto) and

schedule a closing (the "Closing") in accordance with the terms of such Contracts and the

Defendants are directed to transfer title to the Debtor at such Closing upon payment of the

purchase price due under the Contracts to the Defendants at Closing strictly in accordance with

the provisions of the Contracts; and it is further

      **ORDERED**, that notwithstanding the provision of the Contracts that require the Premises

to be delivered vacant at closing, Defendants shall be excused from compliance with such

provision but only to the extent Defendants are unable to  comply due to the provisions of

Executive Order 202.66 signed by Governor Cuomo;  and it is further

      **ORDERED**, that within 30 days of entry of this Order, the Debtor shall pay to the

Defendants 36 months of mortgage payments (October 4, 2017 through October 4, 2020) due

under the 1988 Morris Addendum ($2,957.50 per month) in the amount of $106,470.00 and 36

months of mortgage payments due under the 1821 Topping Addendum ($3,920.00 per month) in

the amount of $141,120.00, for a total of $247,590.00 (collectively, the "Mortgage Payments")

---

1  Capitalized terms not otherwise defined in this Order shall have the same meaning as set forth in the Motion.

and upon making such Mortgage Payments, the Debtor shall be deemed to have cured all

defaults under the Contracts within the meaning of 11 U.S.C. § *365*(b)(1)(A); and it is further

      **ORDERED**, that upon payment at Closing of the balance of the purchase price due under

the Contracts in the amount of $2,113,755.00, plus any additional mortgage payments due under

the 1988 Morris Addendum and 1821 Topping Addendum at Closing for the period subsequent

to October 4, 2020, the Debtor shall have satisfied all of its monetary obligations due to the ~~non-~~

~~debtor parties to~~ ***Defendants under (CEC)*** the Contracts as of the Closing.



Dated: Brooklyn, New York
    September 30, 2020

                         Carla E. Craig
                  United States Bankruptcy Judge

STAHL & ZELMANOVITZ

October 2, 2020

**By FedEx**
Brian Hsu, Esq.
Goldstein Hall PLLC
80 Broad Street, Suite 303
New York, New York 10004

|        |            |                                           |
|--------|------------|-------------------------------------------|
| Re:    | **Seller:**    | **700 Beck Street LLC**                   |
|        | **Purchaser:** | **FMTB BH LLC**                           |
|        | **Premises:**  | **770 Beck Street, Bronx, NY 10455**      |

Dear Mr. Hsu:

We are attorneys for the above-referenced Purchaser, FMTB BH LLC.

Please be advised that pursuant to the Order Authorizing Debtor to Assume Executory Contracts and Granting Related Relief, entered in the United States Bankruptcy Court, Eastern District of New York, on October 1, 2020 (*In re: FMTB BH LLC*, Chapter 11, Case No. 18-42228-cec) (the "Order"), notice is hereby given that the closing on the Contract of Sale for the Premises, dated as of June 19, 2017, as amended by Addendum dated October 4, 2017, between the above-referenced Seller and Purchaser (collectively, the "Contract"), will take place at the offices of Goldstein Hall PLLC, 80 Broad Street, Suite 303, New York, NY 10004, on **October 26, 2020, at 10:00 a.m., TIME BEING OF THE ESSENCE. A** copy of the Order is enclosed.

Please be further advised that in accordance with the Order, to the extent the Contract requires the Premises to be delivered vacant at closing, Seller shall be excused from compliance with such provision but only to the extent Seller is unable to comply due to the provisions of Executive Order 202.66 signed by Governor Cuomo. All other conditions and requirements set forth in the Contract are not waived.

Should Seller fail to close title on the above date in accordance with the terms of the Contract, please be advised that Purchaser will pursue any and all available and appropriate legal and equitable remedies on behalf of Purchaser.

This notice shall not serve to act as a waiver of any of Purchaser's rights and remedies, all of which are expressly reserved.

Very truly yours,

STAHL & ZELMANOVITZ

By: _____
Joseph Zelmanovitz
A Member of the Firm

747 Third Avenue          Fax: (212) 826-6402
New York, N.Y. 10017
(212) 826-6422

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                      Chapter 11

**FMTB BH LLC,**                                            Case No:  18-42228-cec

                                        Debtor.
-----------------------------------------------------------X

### ORDER AUTHORIZING DEBTOR TO ASSUME
### EXECUTORY CONTRACTS AND GRANTING RELATED RELIEF

**Upon** the motion (the "Motion") of FMTB BH LLC (the "Debtor") pursuant to section

365 of the Bankruptcy Code for an order Authorizing the Debtor to Assume Certain Executory

Contracts and Granting Related Relief (ECF Doc. No. 80);[1] and the Defendants having filed their

Opposition to the Motion (the "Objection") (ECF Doc. No. ~~82~~ *83 (CEC)*); and the Debtor having

filed its Reply to the Objection (ECF Doc. No. 84); and Debtor having filed the Declaration of

Joel Leifer in Support of the Motion (ECF Doc. No. 80-3) and Supplemental Declaration of Joel

Leifer in Support of the Motion (ECF Doc. No. 84-1); and the Court having held a hearing on the

Motion on September 23, 2020  and the Court having found that (a) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. §

157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances, (e) the

Contracts (as defined in the Motion) are "executory contracts" subject to section 365 of the

Bankruptcy Code, (f) the assumption of the Contracts approved herein represents a reasonable

exercise of the Debtor's business judgment, (g) the Motion is procedurally proper pursuant to

Bankruptcy Rule 6006(e) and (h) the relief requested in the Motion and granted herein is

necessary and appropriate to carry out the provisions of the Bankruptcy Code and is in the best

interests of the Debtor, its creditors and other parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing established cause for

the relief granted herein, it is

   **ORDERED**, that the Objection is overruled; and it is further

   **ORDERED**, the Motion is granted ***to the extent provided herein (CEC)*** and pursuant to

section 365(a) of the Bankruptcy Code, the Debtor is authorized to assume the Contracts

(together, and including all exhibits, amendments, supplements or modifications thereto) and

schedule a closing (the "Closing") in accordance with the terms of such Contracts and the

Defendants are directed to transfer title to the Debtor at such Closing upon payment of the

purchase price due under the Contracts to the Defendants at Closing strictly in accordance with

the provisions of the Contracts; and it is further

   **ORDERED**, that notwithstanding the provision of the Contracts that require the Premises

to be delivered vacant at closing, Defendants shall be excused from compliance with such

provision but only to the extent Defendants are unable to  comply due to the provisions of

Executive Order 202.66 signed by Governor Cuomo;  and it is further

   **ORDERED**, that within 30 days of entry of this Order, the Debtor shall pay to the

Defendants 36 months of mortgage payments (October 4, 2017 through October 4, 2020) due

under the 1988 Morris Addendum ($2,957.50 per month) in the amount of $106,470.00 and 36

months of mortgage payments due under the 1821 Topping Addendum ($3,920.00 per month) in

the amount of $141,120.00, for a total of $247,590.00 (collectively, the "Mortgage Payments")

---

1  Capitalized terms not otherwise defined in this Order shall have the same meaning as set forth in the Motion.

and upon making such Mortgage Payments, the Debtor shall be deemed to have cured all

defaults under the Contracts within the meaning of 11 U.S.C. § *365*(b)(1)(A); and it is further

**ORDERED**, that upon payment at Closing of the balance of the purchase price due under

the Contracts in the amount of $2,113,755.00, plus any additional mortgage payments due under

the 1988 Morris Addendum and 1821 Topping Addendum at Closing for the period subsequent

to October 4, 2020, the Debtor shall have satisfied all of its monetary obligations due to the ~~non-~~

~~debtor parties to~~ ***Defendants under (CEC)*** the Contracts as of the Closing.



Dated: Brooklyn, New York
     September 30, 2020

—————————————————
      Carla E. Craig
  United States Bankruptcy Judge

STAHL & ZELMANOVITZ

October 2, 2020

**By FedEx**
Brian Hsu, Esq.
Goldstein Hall PLLC
80 Broad Street, Suite 303
New York, New York 10004

Re:    **Seller:**          **1143 Forest Ave LLC**
       **Purchaser:**    **FMTB BH LLC**
       **Premises:**      **1143 Forest Avenue, Bronx, NY 10456**

Dear Mr. Hsu:

We are attorneys for the above-referenced Purchaser, FMTB BH LLC.

Please be advised that pursuant to the Order Authorizing Debtor to Assume Executory Contracts and Granting Related Relief, entered in the United States Bankruptcy Court, Eastern District of New York, on October 1, 2020 (*In re: FMTB BH LLC*, Chapter 11, Case No. 18-42228-cec) (the "Order"), notice is hereby given that the closing on the Contract of Sale for the Premises, dated as of June 19, 2017, as amended by Addendum dated October 4, 2017, between the above-referenced Seller and Purchaser (collectively, the "Contract"), will take place at the offices of Goldstein Hall PLLC, 80 Broad Street, Suite 303, New York, NY 10004, on **October 26, 2020, at 10:00 a.m., TIME BEING OF THE ESSENCE.**  A copy of the Order is enclosed.

Please be further advised that in accordance with the Order, to the extent the Contract requires the Premises to be delivered vacant at closing, Seller shall be excused from compliance with such provision but only to the extent Seller is unable to comply due to the provisions of Executive Order 202.66 signed by Governor Cuomo.  All other conditions and requirements set forth in the Contract are not waived.

Should Seller fail to close title on the above date in accordance with the terms of the Contract, please be advised that Purchaser will pursue any and all available and appropriate legal and equitable remedies on behalf of Purchaser.

This notice shall not serve to act as a waiver of any of Purchaser's rights and remedies, all of which are expressly reserved.

Very truly yours,

STAHL & ZELMANOVITZ

By: _____
       Joseph Zelmanovitz
       A Member of the Firm

747 Third Avenue          Fax: (212) 826-6402
New York, N.Y. 10017
(212) 826-6422

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                    Chapter 11

**FMTB BH LLC,**                                          Case No: 18-42228-cec

              Debtor.
-----------------------------------------------------------X

## ORDER AUTHORIZING DEBTOR TO ASSUME
## EXECUTORY CONTRACTS AND GRANTING RELATED RELIEF

**Upon** the motion (the "Motion") of FMTB BH LLC (the "Debtor") pursuant to section

365 of the Bankruptcy Code for an order Authorizing the Debtor to Assume Certain Executory

Contracts and Granting Related Relief (ECF Doc. No. 80);[1] and the Defendants having filed their

Opposition to the Motion (the "Objection") (ECF Doc. No. ~~82~~ *83 (CEC)*); and the Debtor having

filed its Reply to the Objection (ECF Doc. No. 84); and Debtor having filed the Declaration of

Joel Leifer in Support of the Motion (ECF Doc. No. 80-3) and Supplemental Declaration of Joel

Leifer in Support of the Motion (ECF Doc. No. 84-1); and the Court having held a hearing on the

Motion on September 23, 2020  and the Court having found that (a) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. §

157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances, (e) the

Contracts (as defined in the Motion) are "executory contracts" subject to section 365 of the

Bankruptcy Code, (f) the assumption of the Contracts approved herein represents a reasonable

exercise of the Debtor's business judgment, (g) the Motion is procedurally proper pursuant to

Bankruptcy Rule 6006(e) and (h) the relief requested in the Motion and granted herein is

1

necessary and appropriate to carry out the provisions of the Bankruptcy Code and is in the best

interests of the Debtor, its creditors and other parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing established cause for

the relief granted herein, it is

     **ORDERED**, that the Objection is overruled; and it is further

     **ORDERED**, the Motion is granted ***to the extent provided herein (CEC)*** and  pursuant to

section 365(a) of the Bankruptcy Code, the Debtor is authorized to assume the Contracts

(together, and including all exhibits, amendments, supplements or modifications thereto) and

schedule a closing (the "Closing") in accordance with the terms of such Contracts and the

Defendants are directed to transfer title to the Debtor at such Closing upon payment of the

purchase price due under the Contracts to the Defendants at Closing strictly in accordance with

the provisions of the Contracts; and it is further

     **ORDERED**, that notwithstanding the provision of the Contracts that require the Premises

to be delivered vacant at closing, Defendants shall be excused from compliance with such

provision but only to the extent Defendants are unable to  comply due to the provisions of

Executive Order 202.66 signed by Governor Cuomo;  and it is further

     **ORDERED**, that within 30 days of entry of this Order, the Debtor shall pay to the

Defendants 36 months of mortgage payments (October 4, 2017 through October 4, 2020) due

under the 1988 Morris Addendum ($2,957.50 per month) in the amount of $106,470.00 and 36

months of mortgage payments due under the 1821 Topping Addendum ($3,920.00 per month) in

the amount of $141,120.00, for a total of $247,590.00 (collectively, the "Mortgage Payments")

---

1  Capitalized terms not otherwise defined in this Order shall have the same meaning as set forth in the Motion.

and upon making such Mortgage Payments, the Debtor shall be deemed to have cured all defaults under the Contracts within the meaning of 11 U.S.C. § *365*(b)(1)(A); and it is further

ORDERED, that upon payment at Closing of the balance of the purchase price due under the Contracts in the amount of $2,113,755.00, plus any additional mortgage payments due under the 1988 Morris Addendum and 1821 Topping Addendum at Closing for the period subsequent to October 4, 2020, the Debtor shall have satisfied all of its monetary obligations due to the ~~non-debtor parties to~~ ***Defendants under (CEC)*** the Contracts as of the Closing.



Dated: Brooklyn, New York
September 30, 2020

                    /s/ Carla E. Craig
                    Carla E. Craig
                    United States Bankruptcy Judge

# EXHIBIT E

**Joseph Zelmanovitz**

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **Sent:** | Wednesday, October 21, 2020 3:51 PM |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 1:20-cv-04296-ARR FMTB BH LLC v. 1988 Morris Avenue LLC et al Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered on 10/21/2020 at 3:51 PM EDT and filed on 10/21/2020
**Case Name:**        FMTB BH LLC v. 1988 Morris Avenue LLC et al
**Case Number:**     <u>1:20-cv-04296-ARR</u>
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORDER: The court has reviewed the parties' pre-motion letters concerning plaintiff-appellee's anticipated motion to dismiss and determined that a pre-motion conference is not necessary. The court therefore grants plaintiff-appellee permission to bring the motion. Plaintiff-appellee's motion and supporting papers shall be filed electronically no later than October 30, 2020; defendants-appellants' opposition papers shall be filed electronically no later than November 9, 2020; plaintiff-appellee's reply papers, if any, shall be filed electronically no later than November 13, 2020. This schedule may be altered only with the permission of the court. Ordered by Judge Allyne R. Ross on 10/21/2020. (Roeck, Victoria)**

**1:20-cv-04296-ARR Notice has been electronically mailed to:**

Joseph Zelmanovitz    joezelmanovitz@aol.com, aneuhaus@szlawllp.com

Brian J. Markowitz    bmarkowitz@goldsteinhall.com, litigation@goldsteinhall.com

**1:20-cv-04296-ARR Notice will not be electronically mailed to:**