

Brian J. Markowitz<br>
(646) 768-4127<br>
bmarkowitz@GoldsteinHall.com

February 17, 2021

**VIA PACER**
HON. JIL MAZER-MARINO
United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

      Re:  FMTB BH LLC, Debtor (18-42228-jmm)
           FMTB BH LLC v. 1988 Morris Avenue LLC et al. (Adv. Pro. # 18-01052-jmm)

Honorable Judge Mazer-Marino:

      As your Honor may recall, this office represents 1821 Topping Ave LLC (incorrectly sued herein as 1821 Topping Avenue LLC), ("Topping") one of the Defendants in the above referenced adversary proceeding. This letter is in reply to Debtor's February 10, 2021 letter regarding the retention of down payment monies previously release to 1821 Topping Ave LLC and Debtor's continued failure to pay the previous ordered mortgage default payments.

      Debtor attempts to argue that parol evidence prevents any interpretation of the Contract and Rider. However, this is a flawed incorrect interpretation of the parol evidence rule and as such should be disregarded. First, Debtor incorrectly applies the parol evidence rule to the Contract of Sale and its Rider. However, the applicable provision at issue is the language of the Addendum. Here, the applicable language of the Addendum is:

> 2. Purchaser consents to the immediate release of the Downpayment held by Seller in the amount of $34,444.44.
>
> 4. Seller and Purchaser agree to set a Time is of the Essence closing date of December

Goldstein Hall PLLC | fax: 646.219.2450 | info@goldsteinhall.com | www.goldsteinhall.com

| New York City | Albany | New Rochelle | Washington, D.C. |
|---|---|---|---|
| 80 Broad Street, Suite 303 | 90 State Street, Suite 700 | 271 North Avenue, Suite 310 | 2201 Wisconsin Ave, NW, Suite 200 |
| New York, NY 10004 | Albany, NY 12207 | New Rochelle, NY 10801 | Washington, D.C. 20007 |
| 646.768.4100 | 518.992.3245 | 914.380.8793 | 202.656.6136 |



> 18, 2017 ("TOE Closing Date").
>
> 5. Purchaser agrees to wire to the Seller $169,000.00 in additional Downpayment to Seller by or before October 17, 2017.
>
> 6. Purchaser agrees to pay monthly mortgage interest for the Property in the amount of $ 3,920.00 from execution of this Agreement to Closing Date.

1821 Topping Addendum, annexed hereto as Exhibit "A" for the Court's convenience.

With respect to the Addendum, 1821 Topping believes that the Addendum is not ambiguous. The terms "release of the Downpayment" and "wire to the Seller…in additional Downpayment" are clear. The monies in question were given to 1821 Topping in consideration of setting a new time of the essence closing date. Indeed, the testimony at trial and at depositions makes this interpretation abundantly clear. Given that Debtor now, despite the testimony at trial believes a different interpretation is applicable, Debtor implicitly argues that the terms are, in fact, ambiguous. As such, parol evidence is clearly applicable. "When two parties disagree as to the meaning of a contractual term, parol evidence may be admitted to extinguish any ambiguity." *In re Chateaugay Corp.*, 116 B.R. 887, 903, 1990 WL 102907 (Bankr. S.D.N.Y. 1990); *Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 26 (2d Cir. 1988) ("[B]oth parties are entitled to present evidence outside the four corners of the agreement that bears on the meaning and application of the several clauses."); *Blue Jeans U.S.A. Inc. v. Basciano*, 286 A.D.2d 274, 276, 729 N.Y.S.2d 703, 705 (1st Dep't 2001) ("[W]hen a contract term is ambiguous, parol evidence may be considered 'to elucidate the disputed portions of the parties' agreement'").

As 1821 Topping previously advised this Court, the trial and deposition testimony in this case from Debtor's then principal, its transactional attorney, and a member of 1821 Topping clearly show that the down payments were release to 1821 Topping in consideration for entering into a new time of the essence closing date.

Debtor now attempts to also argue that it is entitled to violate this Court' prior order regarding payment to 1821 Topping of the outstanding default mortgage payments, that it was obligated to pay 1821 Topping in October, 2020. This argument must fail as Debtor has argued this exact argument before this Court and has lost. Debtor has not appealed the prior order, and therefore its time to now reargue this order has long since past. Further, Debtor's recalcitrance in not paying this money when it was due is the subject of 1821 Topping's motion for contempt currently *sub judice*.

Following the adversary proceeding trial in this matter, Debtor filed a motion to assume the contracts, and the five defendants opposed the motion. However, over the defendants' objection,

Goldstein Hall PLLC | fax: 646.219.2450 | info@goldsteinhall.com | www.goldsteinhall.com

| New York City | Albany | New Rochelle | Washington, D.C. |
|---|---|---|---|
| 80 Broad Street, Suite 303 | 90 State Street, Suite 700 | 271 North Avenue, Suite 310 | 2201 Wisconsin Ave, NW, Suite 200 |
| New York, NY 10004 | Albany, NY 12207 | New Rochelle, NY 10801 | Washington, D.C. 20007 |
| 646.768.4100 | 518.992.3245 | 914.380.8793 | 202.656.6136 |



this Court ordered that the Defendants are permitted to assume the contracts and further ordered that Debtor was to pay Defendants for mortgage payments owed to the Defendants pursuant to the contract Addendum entered between Debtor and each of the Defendants. In particular, the September 30, 2020 Order provided in pertinent part:

> ORDERED, that within 30 days of entry of this Order, the Debtor shall pay to the Defendants 36 months of mortgage payments (October 4, 2017 through October 4, 2020) due under the 1988 Morris Addendum ($2,957.50 per month) in the amount of $106,470.00 and 36 months of mortgage payments due under the 1821 Topping Addendum ($3,920.00 per month) in the amount of $141,120.00, for a total of $247,590.00 (collectively, the "Mortgage Payments") and upon making such Mortgage Payments, the Debtor shall be deemed to have cured all defaults under the Contracts within the meaning of 11 U.S.C. § 365(b)(1)(A)…

September 30, 2020 Order, annexed hereto as Exhibit B, at pp. 2-3. Despite the clear and unambiguous language of the September 30, 2020 Order, Debtor has failed to make the required payment to 1821 Topping, and continues to refuse to make the payment.

It cannot be disputed that Debtor has assumed the Contract. Indeed, Debtor has confirmed this in two letters to this Court, as well as by making the motion to assume, which was granted. After assuming the Contract, Debtor failed to consummate the purchase of the property under the express terms of the Contract of Sale. At issue was alleged violations against the property, and Debtor's decision to not take the property subject to those violations. Therefore, pursuant to the terms of the Contract of Sale, 1821 Topping decided to invoke paragraph 7 of the Rider.

However, Debtor confuses the fact that the property did not close with the incorrect assumption that it did not assume the contract. As stated, Debtor not only assumed the Contract, it reaffirmed not once, but twice in the last few months that it assumed the Contract. Further, the clear and unambiguous terms of the Order did not make paying the default payment contingent closing on the property. Indeed, the September 30, 2020 Order did the exact opposite. It made payment of mortgage payments due after October 4, 2020 due at closing. Payments for the time prior to October 4, 2020 were due, regardless if the property closed, on October 30, 2020. Debtor never moved to reargue the September 30, 2020 Order, nor did it appeal it. It is not too late for either, and Debtor should not be permitted to collaterally attack the Order now.

Goldstein Hall PLLC | fax: 646.219.2450 | info@goldsteinhall.com | www.goldsteinhall.com

New York City
80 Broad Street, Suite 303
New York, NY 10004
646.768.4100

Albany
90 State Street, Suite 700
Albany, NY 12207
518.992.3245

New Rochelle
271 North Avenue, Suite 310
New Rochelle, NY 10801
914.380.8793

Washington, D.C.
2201 Wisconsin Ave, NW, Suite 200
Washington, D.C. 20007
202.656.6136



Client Focused. Results Driven.

Page **4** of **4**

      Accordingly, Topping respectfully requests that this Court (i) order that 1821 Topping LLC be permitted to retain the down payments, on the grounds that the down payments were released to 1821 Topping LLC as consideration for the rescheduling of the time of the essence closing date; and (ii) direct Debtor to pay to 1821 Topping LLC the full amount of the outstanding mortgage default payments, as previously ordered by this Court, in the amount of $141,120.00, and to direct such other and further relief as the Court deems just, equitable and proper.

      Respectfully submitted,

Brian J. Markowitz

Goldstein Hall PLLC | fax: 646.219.2450 | info@goldsteinhall.com | www.goldsteinhall.com

New York City
80 Broad Street, Suite 303
New York, NY 10004
646.768.4100

Albany
90 State Street, Suite 700
Albany, NY 12207
518.992.3245

New Rochelle
271 North Avenue, Suite 310
New Rochelle, NY 10801
914.380.8793

Washington, D.C.
2201 Wisconsin Ave, NW, Suite 200
Washington, D.C. 20007
202.656.6136